**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

VALERIE E. CAMPBELL,

        Petitioner-Appellant,

v.

GLORIA HENRY,

        Respondent-Appellee.

No.    15-17157

D.C. No. 3:06-cv-02225-CRB

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted January 10, 2018[**]
San Francisco, California

Before: THOMAS, Chief Judge, and RAWLINSON and WATFORD, Circuit Judges.

The district court properly denied Valerie Campbell's petition for a writ of

habeas corpus. Campbell cannot show that the state court's decision rejecting her

ineffective assistance of counsel claim was contrary to or based on an

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

unreasonable application of federal law. Even assuming that trial counsel's failure to introduce Andrea Johnson's dying declaration constituted deficient performance, the record supports the state court's conclusion that counsel's error was not prejudicial.

At trial, the prosecution alleged that Campbell was a direct perpetrator, but it alternatively argued that Campbell was guilty of each offense because she aided and abetted her boyfriend, Carl Sampson. Under that theory, evidence that Sampson rather than Campbell shot the victim does not exculpate Campbell. Given the additional evidence of Campbell's involvement, the state court could conclude that it is not "reasonably likely" that the introduction of Johnson's statement would have resulted in a different outcome. *Harrington v. Richter*, 562 U.S. 86, 111 (2011).

Nor did the state court unreasonably apply federal law when it determined that there was sufficient evidence to uphold Campbell's first-degree murder conviction under the theory that Campbell was a direct perpetrator. There was strong evidence of premeditation and deliberation. In the months before the shooting, Campbell and Sampson had repeatedly threatened Johnson and Johnson's girlfriend, Jewell Sutton. After learning that Johnson and Sutton were visiting a home nearby, Campbell and Sampson arrived at the home armed with

weapons. Sutton testified that she saw Campbell holding a gun, and Sampson carried an Uzi. Although Sampson fired his Uzi at Johnson, a ballistics expert testified that the fatal bullets came from a .38 handgun. Viewing the evidence in the light most favorable to the government, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the state court could reasonably conclude that sufficient evidence supported Campbell's first-degree murder conviction as a direct perpetrator.

**AFFIRMED**.